IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BOBBY EUGENE RODDY,
also known as Running Cougar,

    Plaintiff,

v.                                   Civil Action No. 5:05CV170
                                               (STAMP)

STATE OF WEST VIRGINIA,
OFFICE OF THE GOVERNOR,
MARY JO THOMPSON, DANIEL E. KIMBLE,
JIM RUBENSTEIN, M.H. BAUSO,
D.L. STAFFORD, WILLIAM FOX,
TONY LeMASTERS, DON SPRINGSTON,
DAN KIMBLE, WILLIAM D. HALE,
BARBARA RENNER, REV. KENT HOBBS,
ROBERT ADAMS, DENNIS MUELLER,
DUANE MUNDAY, SUSAN WADE,
JOE CARROLL, MICHAEL HENTHORN,
JANE DOE, JOHN DOE, JAELL FULTON,
CORRECTIVE MEDICAL SERVICES,
DIANE SHINGLER, KAROL PAYNE,
VICKIE CAIN, TAMMY HARLAN,
PATRICK MIRANDY, SHEILA RAMSEY,
JACK STALLINGS, MISTY ADAMS,
CAPT. ANDERSON and KATY PRATT,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, Bobby Eugene Roddy, a/k/a "Running Cougar," filed a civil rights complaint against the State of West Virginia and a number of state officials pursuant to 42 U.S.C.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

§ 1983,[2] alleging that he was subjected to several civil rights violations while incarcerated at St. Marys Correctional Facility ("St. Marys").[3] The case was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01, et seq., and 28 U.S.C. § 1915(e)(2). The magistrate judge entered a report and recommendation that the plaintiff's complaint be dismissed, that all of the plaintiff's motions to amend be denied, that plaintiff's motion for a restraining order be denied, and that this case be dismissed with prejudice. Thereafter, on September 21, 2006, this Court affirmed and adopted the magistrate judge's report and recommendation in its entirety, with the exception that the dismissal of the plaintiff's free exercise of religion claim be denied without prejudice because of the plaintiff's failure to exhaust administrative remedies.

The plaintiff then filed an appeal to the United States Court of Appeals for the Fourth Circuit ("Court of Appeals"), raising three issues on appeal: (1) that his legal mail was improperly

---

[2] This civil action was transferred to this Court from the United States District Court for the Southern District of West Virginia on October 3, 2005.

[3] The plaintiff asserts as grounds for relief: (1) racist hate crimes; (2) mental anguish as the result of threats, intimidation, and retaliatory acts; (3) violation of the Eighth Amendment; (4) defamation; (5) discrimination; (6) violation of the Americans with Disabilities Act; (7) violation of the First Amendment; (8) violation of the Fourteenth Amendment; (9) illegal mail tampering; and (10) illegal search and seizure.

2

opened; (2) that the West Virginia Department of Corrections Policy Directive 503.00 is unconstitutional; and (3) that his free exercise of religion claim was improperly dismissed. In an unpublished opinion dated April 16, 2007, the Court of Appeals found no reversible error for the first two issues and affirmed those issues for the reasons stated by this Court. Nevertheless, on the plaintiff's third issue on appeal, the Court of Appeals vacated and remanded the issue in light of the Supreme Court's recent opinion Jones v. Bock, 549 U.S. 199 (2007).

This Court entered an order of reference, designating and authorizing Magistrate Judge Seibert to consider the record and do all things proper to determine or make recommendations for the disposition of the petitioner's 42 U.S.C. § 1983 complaint consistent with the opinion of the Court of Appeals. Specifically, the order directed the magistrate judge to consider the petitioner's free exercise of religion claim in light of the Supreme Court's recent decision in Jones v. Bock, 549 U.S. at 199.

On January 22, 2008, the magistrate judge issued a report and recommendation recommending that the plaintiff's free exercise of religion claim be dismissed without prejudice, again, because the plaintiff failed to exhaust administrative remedies. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being

3

served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

Now pending before this Court on remand is a portion of the plaintiff's complaint that alleges that the following Native American religious items were confiscated from him upon entry into St. Marys: (1) homemade pipe bowl; (2) homemade pipe stem; (3) eight feathers; (4) a can of sage; (5) incense burners; and (6) a red towel. This allegation raises a First Amendment question regarding whether the initial seizure of the plaintiff's items

constituted a violation of the plaintiff's right to free exercise of religion.

In his most recent report and recommendation, the magistrate judge once again concluded that the plaintiff's claim is not yet cognizable before this Court because the plaintiff failed to exhaust all necessary administrative remedies. This Court agrees and finds no clear error in the magistrate judge's report and recommendation.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005).

The plaintiff's claim that he was allegedly deprived of religious items during his incarceration at St. Mary's is a claim "with respect to prison conditions" within the meaning of the PLRA. The plaintiff, therefore, is obligated to exhaust any internal grievance procedures before he can receive federal court review.

The Supreme Court's holding in Jones v. Bock, 549 U.S. at 199, does not alter this exhaustion requirement. See Jones, 549 U.S. at 918-19 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

In Jones v. Bock, 549 U.S. at 199, the Supreme Court decided three specific issues: (1) whether exhaustion under the PLRA is a pleading requirement the prisoner must satisfy in his complaint, or an affirmative defense the defendant must plead and prove; (2) how courts determine whether a prisoner has properly exhausted administrative remedies--specifically, the level of detail required in a grievance to put the prison and individual officials on notice of the claim; and (3) what the PLRA requires when both exhausted and unexhausted claims are included in a complaint.

The Supreme Court concluded first that the failure to exhaust administrative remedies is an affirmative defense under the PLRA, and that an inmate is not required to plead or demonstrate exhaustion in a complaint. Jones, 549 U.S. at 920. Next, the Supreme Court held that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system because it is the prison's requirements, and not the PLRA that define the boundaries of proper exhaustion." Id. at 921. Lastly, the Supreme Court decided not to depart from the more typical claim-by-claim approach in a § 1983 action, and therefore, it held that a court should dismiss the unexhausted claims and

proceed only with the exhausted claim when faced with a complaint that contains both. Id. at 924.[4]

As the magistrate judge recognized, the Supreme Court's decision in Jones v. Bock, 549 U.S. at 199, did not abrogate procedures already followed by the Fourth Circuit. Indeed, in Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d at 683, the Fourth Circuit found that

> an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Nonetheless, "[e]xcept in the rare case where failure to exhaust is apparent from the face of the complaint . . . a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." Id. at 682.

In this case, in accordance with the procedures outlined in Anderson and after receiving this Court's order of reference, the magistrate judge issued an order directing the plaintiff to provide proof that he exhausted his administrative remedies. The magistrate judge then reviewed every item submitted to the Court,

---

[4] The Supreme Court did acknowledge the habeas total exhaustion rule that states that mixed habeas petitions that contain both exhausted and unexhausted claims cannot be adjudicated. See Rose v. Lundy, 455 U.S. 509, 522 (1982).

7

upon which he found that the plaintiff had exhausted his administrative remedies[5] with regard to the following grievances:

    1. The legality of AWO Springston's order on January 12, 2006, to open and inspect his outgoing mail;

    2. His concern that post office workers at St. Mary's are not bonded;

    3. The seizure of original documents (his birth certificate) that he attempted to mail to the Cherokee Nation;

    4. The confiscation of photocopies of another inmate's BIA card;

    5. The denial of copies of his medical documents which he claims to need in order to file an application for Social Security Disability Benefits; and

    6. The frequent cancellation of Native American religious services.

None of these grievances, as the magistrate judge found, relate to the confiscation of the plaintiff's religious items. Rather, despite all the documentation that the plaintiff provided to the Court, including evidence of various other grievances that the plaintiff filed by utilizing the appropriate grievance channels established by the West Virginia Department of Corrections, there remains no evidence that the plaintiff pursued any administrative

---

[5]The West Virginia Department of Corrections has a three-level grievance process for prisoners to grieve their complaints. On the first level, a prisoner must file a G-1 Grievance Form with the Unit Supervisor. Only if the inmate receives no response or is unsatisfied with the response received at Level One may the inmate them proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. The inmate may then appeal the Level Two decision to the Commissioner of the Division of Corrections.

remedies in regard to such confiscation of the religious items. Upon this finding, the magistrate judge recommended in his report and recommendation that the plaintiff has failed to exhaust his administrative remedies with respect to the alleged confiscation of these religious items.

After reviewing the Supreme Court's recent opinion in Jones v. Bock, 549 U.S. at 199, this Court finds no clear error in the magistrate judge's recommendation. Accordingly, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety, and the plaintiff's free exercise of religion claim should be dismissed without prejudice.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 claim is DENIED and DISMISSED WITHOUT PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to

object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 11, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE